Opinion delivered April 20, 1887.

---

No. 5342.

FRANCISCO OLIVARES *alias* PANCHO NELO *v.* THE STATE.

MURDER OF THE SECOND DEGREE—FACT CASE.—See the statement of the case for evidence *held* insufficient to support a conviction for murder of the second degree—the deceased being the wife of the accused.

APPEAL from the District Court of Atascosa. Tried below before the Hon. D. P. Marr.

The appellant in this case was convicted of murder in the second degree, under an indictment charging him with the murder of his wife, Jesusa Olivares, and his punishment was assessed at a term of ten years in the penitentiary.

The first witness introduced by the State was Concepcion Cabasoz, who testified, in substance, that she was the mother of the deceased. Six days prior to the death of her daughter the defendant came to the witness's house, where the deceased then was, and ordered her to go home. Witness asked the defendant to permit the deceased to remain until after dinner, which was then about to be served. Defendant refused this request, and,

using the word "carajo" (a Mexican oath), said that she, deceased, could go home and die there. Deceased was then complaining of an acute head ache. Defendant and deceased then left witness's house and went in the direction of the house occupied by them and a child about four years of age. Two days later witness was advised of her daughter's serious illness at the house of Victoriana Elezondo, and went to see her. Witness found her daughter conscious, but speechless, and suffering greatly. Witness implored the defendant to go or send for a doctor, agreeing to defray the expense, but defendant refused, saying that a doctor was not needed. Victoriana called witness's attention to the condition of her daughter's body. The left side of the body and the left leg were covered with such bruises as could have been inflicted with a heavy stick or other blunt instrument, and as many as three ribs on that side were broken. Witness saw a single bruise on the right side. Witness asked defendant how those bruises were made. He replied that he "did not know; that maybe somebody else did it." Four days later the deceased died in the arms of the witness, while the defendant was asleep. She did did not speak after witness reached her, but made angry signs at defendant by rolling her handkerchief into a wad and throwing it at him. Witness never saw defendant maltreat his wife otherwise than by speaking angrily to her, and applying the word "carajo" to her. Defendant and deceased had been married about three years. The former was very jealous of the latter, and would not permit her to go about without going with him.

Victoriana Elezondo testified, for the State, in substance, that a few days before the death of Jesusa, the defendant brought her, Jesusa, to witness's house and told witness that he had brought her there to be confined; that she was very ill from some blood disease. The deceased shortly afterward took witness behind the house and exhibited her whole person to witness. Her stomach was as black as a black rag, and her private organ was discharging a great deal of very black, offensively smelling blood. Her left side and leg were very much bruised, and showed signs of eight severe blows. Her right side was bruised in one place. Witness asked defendant the cause of the deceased's wretched condition. He said that he did not know, but that she was very pretty, and that some one "wanted to do him some harm, and that maybe a negro or somebody else might have done it." During that day, while able to speak, the de-

ceased called incessantly for a doctor, and witness begged defendant to get one, but he persistently refused. Deceased became speechless on the day after she arrived at witness's house, and continued so until her death. Witness did not know that deceased was pregnant, but was told by deceased that she had progressed three or four months in pregnancy. Witness never saw defendant maltreat deceased. He sat by and fanned the flies off her during her last sickness.

Doctor Hardee testified, for the State, in substance, that he examined the body of the deceased when it was disinterred and viewed by the coroner's jury. The body was then in an advanced state of decomposition, and was extremely offensive. The woman at the time of her death was about four months advanced in pregnancy. Witness observed a bruise on her right side, extending from the sixth to the eighth rib. He did not examine to see if any bones were broken about the body, except about the head and face, which he found intact. Witness could not state the cause of death.

No brief for the appellant has reached the Reporters.

*W. L. Davidson,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. Appellant in this case has been convicted for the murder of his own wife, his crime being ascertained to be murder of the second degree, and his punishment has been assessed by the verdict and judgment of the lower court at ten years imprisonment in the penitentiary.

In our opinion, the evidence contained in the record sent up on this appeal is wholly insufficient to support the verdict and judgment, and the judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*